1  Michael Adams (State Bar No. 185835)
   madams@rutan.com
2  Benjamin Deming (State Bar No. 233687)
   bdeming@rutan.com
3  Lucas Hori (State Bar No. 294373)
   lhori@rutan.com
4  Rutan & Tucker, LLP
   611 Anton Boulevard, Suite 1400
5  Costa Mesa, California 92626-1931
   Tel: (714) 641-5100
6  Fax: (714) 546-9035

7  Attorneys for Plaintiff
   COLOR IMAGE APPAREL, INC.

8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10

11
   COLOR IMAGE APPAREL, INC., a          Case No.
12 California corporation,
                                         **COMPLAINT FOR:**
13              Plaintiff,
                                         **1.  FALSE DESIGNATION OF
14        vs.                                 ORIGIN AND UNFAIR
                                              COMPETITION**
15 C-LIFE GROUP LTD., a New York              **[15 U.S.C. § 1125(a)]**
   Corporation doing business as
16 THREADFAST APPAREL,                   **2.  TRADE DRESS
                                              INFRINGEMENT**
17              Defendant.                    **[15 U.S.C. § 1125(a)]**

18                                       **3.  UNFAIR BUSINESS PRACTICES
                                              [CAL. B&P CODE § 17200,** *et*
19                                            *seq.*]

20                                       **4.  COMMON LAW UNFAIR
                                              COMPETITION AND
21                                            TRADEMARK INFRINGEMENT**

22                                       **DEMAND FOR JURY TRIAL**

23

24

25

26

27

28

1    Plaintiff Color Image Apparel, Inc. ("CIA") alleges as follows against

2   defendant C-Life Group LTD. ("Defendant"):

3                          **NATURE OF THE CASE**

4         1.    CIA seeks injunctive and monetary relief in this action for false

5   designation of origin, unfair competition and trademark infringement with regard to

6   CIA's trademarks.  CIA sells apparel under the brand name FLOWY (the "Flowy

7   Mark").  Defendant sells apparel using the Flowy Mark without CIAs' authorization,

8   and further sells a garment that is an exact knock-off of one of CIA's distinctive

9   garment designs.  While Defendant touts itself on its website as "excel[ing] at creating

10  innovative designs," Defendant, in fact, is ripping off CIA's innovative designs.

11  Moreover, through use of the Flowy Mark, Defendant is misleading consumers into

12  believing that its products are sponsored, endorsed or approved by CIA.  Defendant

13  has violated, and continues to violate, the Trademark Act of 1946 as amended, 15

14  U.S.C. section 1051 *et seq.* (the "Lanham Act"), and California state law through its

15  unauthorized use of the Flowy Mark and CIA's distinctive garment design that is

16  likely to cause, and on information and belief, is causing, consumer confusion as to

17  the source of Defendant's goods.

18                              **PARTIES**

19        2.    CIA is a corporation organized and existing under the laws of the State

20  of California with its principal place of business at 6670 Flotilla Street, Commerce,

21  California 90040.

22        3.    On information and belief, Defendant is a New York corporation doing

23  business   as   Threadfast   Apparel.    Defendant   represents   on   its   website

24  (www.threadfastapparel.com/pages/about-us) that it has a design studio in Southern

25  California.

26                      **JURISDICTION AND VENUE**

27        4.    This action arises under the Lanham Act, 15 U.S.C. section 1125 *et seq.*,

28  and under statutory and common law unfair competition.  This Court has subject

1 matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338, and
2 15 U.S.C. section 1121, because CIA's claims arise, in part, under the Lanham Act.
3 This Court has supplemental jurisdiction pursuant to 28 U.S.C. sections 1338(b) and
4 1367 over CIA's claims arising under the laws of the State of California.

5      5.    This Court has personal jurisdiction over Defendant because it transacts
6 business in the State of California and has a design studio in Southern California.

7      6.    Venue is proper in the Central District of California under 28 U.S.C.
8 section 1391(b) and (c) because, on information and belief, Defendant resides in this
9 judicial district, and a substantial part of the events, omissions and acts that are the
10 subject matter of this action occurred within the Central District of California.

11 **CIA'S TRADEMARKS**

12      7.    Since at least as early as 2010, and long before Defendant used any
13 similar mark, CIA has continuously, prominently and exclusively used the Flowy
14 Mark to denote the source of its apparel goods.  During this period, CIA has
15 committed significant amounts of time, effort and money to develop a widely
16 respected reputation in the apparel industry through which the Flowy Mark has
17 acquired secondary meaning indicating CIA as the source of these high-quality goods.
18 Thus, long before the acts complained of in this Complaint, members of the general
19 consumer population recognized the Flowy Mark as an exclusive source identifier for
20 apparel originating from CIA.

21      8.    CIA is the owner of a United States trademark application for the Flowy
22 Mark, U.S. Serial No. 87264272, in International Class 25 for "[a]pparel, namely tank
23 tops, tee shirts, long sleeve shirts."

24      9.    Long before Defendant used any similar design, CIA has manufactured,
25 advertised and sold the Flowy Racerback Tank.  The design of the Flowy Racerback
26 Tank, including without limitation the total image and overall appearance determined
27 by its features such as the size, dimensions, shape, cut, and ornamental stitching in
28 the scapula area, is distinctive and non-functional.  These features are collectively

referred to as the "Flowy Racerback Trade Dress." A true and correct copy of photographs of CIA's Flowy Racerback Tank are attached hereto as **Exhibits A, B & C**.

10.    CIA has made substantial sales of goods under the Flowy Mark, including without limitation the Flowy Racerback Tank, and has extensively advertised and marketed its product in the United States. CIA has widely promoted and marketed its goods in numerous and diverse advertising media, including print catalogs and the internet, to promote the strength and renown of its Flowy Mark and the Flowy Racerback Trade Dress. CIA has achieved a high level of commercial success in selling products using its trademarks and has built a valuable reputation and substantial goodwill.

11.    Through CIA's extensive efforts, the Flowy Mark and the Flowy Racerback Trade Dress have been established as unique source identifiers indicating CIA as the origin of the goods. Based on CIA's extensive advertising, marketing and sales of apparel under its Flowy mark, and the Flowy Racerback Trade Dress, the Flowy Mark and the Flowy Racerback Trade Dress have acquired secondary meaning in the minds of the purchasing public such that consumers identify goods sold under the Flowy Mark, and apparel exhibiting the Flowy Racerback Trade Dress, as originating from only one source -- CIA.

12.    CIA has the exclusive right to use the Flowy Mark and the Flowy Racerback Trade Dress in interstate commerce, and on information and belief, CIA's use has been exclusive since it first adopted the Flowy Mark and the Flowy Racerback Trade Dress, with the exception of unauthorized uses such as Defendant's as described in this Complaint.

13.    The Flowy Mark and the Flowy Racerback Trade Dress, and the goodwill of CIA's business in connection thereto, are valid and subsisting and remain in full force and effect and have never been abandoned.

14.    CIA's Flowy Mark and the Flowy Racerback Trade Dress are extremely

1   valuable to CIA.  CIA will suffer irreparable harm if Defendant or other third parties

2   are permitted to sell apparel goods using the Flowy Mark, or goods that unlawfully

3   copy the Flowy Racerback Trade Dress.

4                          **DEFENDANT'S INFRINGING ACTIVITIES**

5          15.    Defendant  represents  on  its  website  that  it  "excel[s]  at  creating

6   innovative  designs."    It  advertises  and  sells  apparel  through  its  website,

7   www.threadfastapparel.com, and through third-party e-commerce websites, including

8   www.alphabroder.com.      CIA  also  advertises  and  sells  its  apparel  through

9   www.alphabroder.com.

10         16.    Long after CIA's adoption and use of its Flowy Mark, Defendant

11  commenced the advertising, distribution, sale and offering for sale of products under

12  the Flowy Mark.  The products include, without limitation, the Flowy Racer Tank

13  (Style No. 204FR) and the Flowy V-Neck Tee (Style No. 203FV).  At all relevant

14  times hereto, Defendant has been and is in the business of manufacturing, distributing,

15  advertising, selling and offering for sale apparel goods using the Flowy Mark or a

16  mark confusingly similar to the Flowy Mark.  Defendant uses the Flowy Mark in

17  conducting  and  promoting  its  business  and  apparel  goods,  including  without

18  limitation, by displaying the Flowy Mark on its website and causing third-party e-

19  commerce websites to display the Flowy Mark in connection with Defendant's goods.

20         17.    Among the "innovative designs" that Defendant purportedly "created,"

21  Defendant manufacturers, advertises and sells the Flowy Racer Tank, which not only

22  is sold under the Flowy Mark, but also is an exact, or materially indistinguishable,

23  knock-off of the Flowy Racerback Trade Dress.  Long after CIA's adoption of the

24  Flowy  Racerback  Trade  dress,  Defendant  commenced  advertising,  distributing,

25  selling and offering for sale the Flowy Racer Tank, which unlawfully copies or

26  imitates the Flowy Racerback Trade Dress.  A true and correct copy of photographs

27  from the e-commerce website www.alphabroder.com showing side-by-side visual

28  comparisons of CIA's Flowy Racerback Tank and Defendant's Flowy Racer Tank are

1 attached hereto as **Exhibits A, B & C**.

2    18.  On information and belief, Defendant has, is, and will continue to
3 manufacture, distribute, advertise, sell and offer for sale their unauthorized products
4 in this judicial district and throughout the United States unless enjoined by this Court.

5    19.  Defendant's manufacturing, distribution, advertising, sale and offering
6 for sale of products under the Flowy Mark, or copying the Flowy Racerback Trade
7 Dress, is not authorized or approved by CIA.

8    20.  On information and belief, Defendant's activities complained of herein
9 constitute willful and intentional infringement of the Flowy Mark and the Flowy
10 Racerback Trade Dress.

11    21.  Defendant's use of the Flowy Mark and the Flowy Racerback Trade
12 Dress is likely to cause confusion in the minds of the consuming public, and has
13 damaged and is damaging CIA's valuable intellectual property rights by creating the
14 false impression that Defendant and/or its infringing products are authorized,
15 sponsored, endorsed, and/or approved by CIA, or that its infringing products originate
16 from CIA, when they do not.

17              **FIRST CLAIM FOR RELIEF**
18         **False Designation of Origin and Unfair Competition**
19                **[15 U.S.C. § 1125(a)]**

20    22.  CIA repeats and incorporates herein by reference each and every
21 allegation contained in Paragraphs 1 through 21 above, inclusive, as though fully set
22 forth herein.

23    23.  Defendant is using the Flowy Mark in connection with its apparel goods.

24    24.  Defendant uses the Flowy Mark in interstate commerce and, on
25 information and belief, has done so with the deliberate intent of capitalizing and
26 trading on the goodwill and reputation of CIA.

27    25.  Defendant's use in commerce of the Flowy Mark will tend to cause and,
28 on information and belief, has caused the relevant public and trade to believe

1 | erroneously that Defendant's products are associated, authorized, sponsored,
2 | controlled by or originate from CIA.

3 |    26.    Defendant's use in commerce of the Flowy Mark in connection with its
4 | goods constitutes a false designation of the origin and/or sponsorship of such goods
5 | and falsely describes and represents such goods.

6 |    27.    By their acts as alleged herein, Defendant has falsely designated and
7 | represented goods sold in commerce in violation of 15 U.S.C. section 1125(a) and has
8 | otherwise used the good will of CIA to sell Defendant's own goods and has otherwise
9 | competed unfairly with CIA.

10 |    28.    On information and belief, Defendant is now committing the acts
11 | complained of above with full knowledge that its acts are unlawful.

12 |    29.    Defendant has displayed a willful course of conduct toward
13 | appropriation and destruction of CIA's rights in and to the Flowy Mark.

14 |    30.    Defendant's wrongful acts and conduct as alleged herein have permitted
15 | or will permit it to generate substantial sales and profits on the strength of CIA's
16 | advertising, sales, consumer recognition, and good will in connection with the Flowy
17 | Mark.

18 |    31.    As a result of Defendant's wrongful acts alleged herein, CIA has suffered
19 | and will continue to suffer monetary damage in an amount not thus far determined.

20 |    32.    On information and belief, Defendant's acts of unfair competition by
21 | false designation of origin in violation of the Lanham Act have caused financial injury
22 | and damages to CIA and have been willful, making this an exceptional case within
23 | the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling CIA to
24 | damages, attorneys' fees, and costs.

25 |    33.    Defendant's acts and conduct constitute unfair competition that has
26 | caused and, unless restrained and enjoined by this Court, will continue to cause
27 | irreparable harm, damage, and injury to CIA's good will and business reputation.

28 |    34.    CIA is entitled to damages as a result of Defendant's actions and conduct

1 and, because such damages alone do not provide CIA with an adequate remedy at law,

2 CIA is entitled to injunctive relief.

3 ## SECOND CLAIM FOR RELIEF

4 ### Trade Dress Infringement

5 ### [15 U.S.C. § 1125(a)]

6      35.    CIA repeats and incorporates by this reference each and every allegation

7 contained in paragraphs 1 through 34 above, inclusive, as though fully set forth herein.

8      36.    The Flowy Racerback Trade Dress is a unique, distinctive, non-

9 functional style with unique, distinctive, non-functional characteristics, including

10 without limitation the total image and overall appearance determined by its features

11 such as the size, dimensions, shape, cut, and unique ornamental stitching in the

12 scapula area.  Comparisons of the Flowy Racerback Trade Dress with the trade dress

13 of Defendant's infringing product are attached hereto as **Exhibit A, B and C**.

14      37.    CIA's Flowy Racerback Trade Dress is known for, and recognized by,

15 the relevant purchasing public and trade as originating from CIA.

16      38.    The Flowy Racerback Trade Dress is unique, distinctive and non-

17 functional.  To the extent any utility exists, it is not necessary to the purpose, quality

18 or source identifying characteristics of the Flowy Racerback Trade Dress.

19      39.    The Flowy Racerback Trade Dress has acquired distinctiveness within

20 the meaning of the Lanham Act.

21      40.    Defendant's manufacturing, distribution, advertising, sale and offering

22 for sale of its infringing Flowy Racer Tank has been and is without CIA's consent,

23 and constitutes designation of a term, symbol, device or combination thereof that is

24 false or misleading within the meaning of 15 U.S.C. § 1125(a).

25      41.    On information and belief, Defendant is now committing the acts

26 complained of above with full knowledge that its acts are unlawful.

27      42.    Defendant has displayed a willful course of conduct toward

28 appropriation and destruction of CIA's rights in and to the Flowy Racerback Trade

1  Dress.

2      43.    Defendant's wrongful acts and conduct as alleged herein have permitted

3  or will permit them to generate substantial sales and profits on the strength of CIA's

4  advertising, sales, consumer recognition, and good will in connection with the Flowy

5  Racerback Trade Dress.

6      44.    As a result of Defendant's wrongful acts alleged herein, CIA has suffered

7  and will continue to suffer monetary damage in an amount not thus far determined.

8      45.    On information and belief, Defendant's acts of trade dress infringement

9  in violation of the Lanham Act have caused financial injury and damages to CIA and

10  have been willful, making this an exceptional case within the meaning of the Lanham

11  Act, 15 U.S.C. section 1117, thereby entitling CIA to damages, attorneys' fees, and

12  costs.

13      46.    Defendant's acts and conduct constitute trade dress infringement that has

14  caused and, unless restrained and enjoined by this Court, will continue to cause

15  irreparable harm, damage, and injury to CIA's good will and business reputation.

16      47.    CIA is entitled to damages as a result of Defendant's actions and

17  conduct and, because such damages alone do not provide CIA with an adequate

18  remedy at law, CIA is entitled to injunctive relief.

19                          **THIRD CLAIM FOR RELIEF**

20                          **Unfair Business Practices**

21                       **[CAL. B&P CODE § 17200, *et seq.*]**

22      48.    CIA repeats and incorporates herein by reference each and every

23  allegation contained in Paragraphs 1 through 47 above, inclusive, as though fully set

24  forth herein.

25      49.    Defendant's manufacturing, distribution, advertising, selling and

26  offering for sale apparel goods under the Flowy Mark, and the Flowy Racer Tank that

27  unlawfully copies or imitates the Flowy Racerback Trade Dress, as described above,

28  constitutes unlawful, unfair, or fraudulent business practices, and unfair, deceptive,

1  untrue or misleading advertising in violation of section 17200 of the California
2  Business and Professions Code.

3      50.    The unlawful conduct alleged herein has caused CIA, and unless
4  enjoined will continue to cause CIA, irreparable harm.  CIA has no adequate remedy
5  at law and is entitled to preliminary and permanent injunctive relief.

6                          **FOURTH CLAIM FOR RELIEF**

7      **Common Law Unfair Competition and Trademark Infringement**

8      51.    CIA repeats and incorporates herein by reference each and every
9  allegation contained in Paragraphs 1 through 50 above, inclusive, as though fully set
10 forth herein.

11     52.    Defendant's actions and conduct as alleged herein constitute unfair
12 competition under California common law.

13     53.    Defendants' actions and conduct in adopting and using the Flowy Mark,
14 and copying the Flowy Racerback Trade Dress, in California constitutes trademark
15 infringement under California common law.

16     54.    Defendant has caused and, unless restrained and enjoined by this Court,
17 will continue to cause irreparable harm, damage, and injury to CIA, including but not
18 limited to injury to CIA's goodwill and business reputation.

19     55.    CIA has no adequate remedy at law, and is being irreparably damaged
20 by Defendant's acts in violation of California common law, entitling CIA to injunctive
21 relief.

22     56.    Defendant's actions and conduct as alleged herein are malicious and
23 fraudulent and entitle CIA to punitive damages under Civil Code section 3294.

24                          **PRAYER FOR RELIEF**

25     WHEREFORE, CIA prays for an order and judgment against Defendant as
26 follows:

27     1.    That Defendant and its officers, directors, partners, agents, servants,
28 employees, attorneys, confederates, and all persons acting for, with, by, through or

under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the Flowy Mark or any other name or mark incorporating the Flowy Mark, either alone or in combination with other words or symbols, in the manufacturing, marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with apparel or accessories in the United States.

2.     That Defendant and its officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the Flowy Racerback Trade Dress in the manufacturing, marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with apparel in the United States.

3.     That Defendant, and each of its officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the Flowy Mark or the Flowy Racerback Trade Dress in any form or manner that would tend to identify or associate Defendant's business or goods with CIA in the manufacturing, marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with apparel or accessories in the United States;

4.     That Defendant, and each of its officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from representing to anyone,

1  either orally or in writing, that their business or goods are affiliated with CIA in any
2  way or are approved by CIA;

3      5.    For an order requiring Defendant to deliver to CIA's attorney within
4  thirty (30) days after the entry of any preliminary or permanent injunction, to be
5  impounded or destroyed by CIA, all garment tags, hang tags, literature, signs, labels,
6  prints, packages, wrappers, containers, advertising materials and any other items in
7  their possession or control that contain the Flowy Mark or any other name or mark
8  incorporating the Flowy Mark, either alone or in combination with other words and
9  symbols;

10     6.    For an order requiring Defendant to remove from its websites, including
11 without limitation, www.threadfastapparel.com, within thirty (30) days after the entry
12 of any preliminary or permanent injunction, all instances of the Flowy Mark, to cease
13 offering for sale its Flowy Racer Tank, and to destroy all patterns, stencils, molds,
14 plates, masters, or means of creating the infringing items;

15     7.    For an order requiring Defendant to instruct, within thirty (30) days after
16 the entry of any preliminary or permanent injunction, any third-party website that
17 carries Defendant's products sold under the Flowy Mark, including without limitation
18 the Flowy Racer Tank and Flowy V-Neck Tee, to cease using the Flowy Mark in
19 connection with Defendant's products and to cease selling the Flowy Racer Tank at
20 the earliest possible date;

21     8.    For an order requiring Defendant to file with the Clerk of this Court and
22 serve CIA, within thirty (30) days after the entry of any preliminary or permanent
23 injunction, a report in writing, under oath, setting forth in detail the manner and form
24 in which Defendant has complied with 1 through 7 above;

25     9.    For an award of Defendant's profits and CIA's damages according to
26 proof at trial;

27     10.   For an award of three times CIA's damages or Defendant's profits in
28 view of the intentional and willful nature of Defendant's acts, pursuant to 15 U.S.C.

1   section 1117;

2       11.   For an order requiring Defendant to account for and pay to CIA all gains,

3   profits and advantages derived by Defendant from the unlawful activities alleged

4   herein, and/or as a result of unjust enrichment;

5       12.   For an award of punitive damages according to proof;

6       13.   For an award of reasonable attorneys' fees under 15 U.S.C. section 1117;

7       14.   For an award of pre and post-judgment interest at the highest rate allowed

8   by law;

9       15.   For an award of costs and disbursements incurred in this action; and

10      16.   For such further relief as this Court shall deem just and proper.

11  Dated: December 12, 2016          RUTAN & TUCKER, LLP
                                       MICHAEL ADAMS
12                                     BENJAMIN DEMING
                                       LUCAS HORI
13

14                                 By: /s/ Michael Adams

15                                     Michael Adams
                                       Attorneys for Plaintiff
16                                     COLOR IMAGE APPAREL, INC.

17

18

19

20

21

22

23

24

25

26

27

28

1  <u>**DEMAND FOR JURY TRIAL**</u>

2      CIA hereby demands a jury trial in this action.

3

4  Dated:  December 12, 2016             RUTAN & TUCKER, LLP
                                    MICHAEL ADAMS

5                                      BENJAMIN DEMING
                                    LUCAS HORI

6

7                                By:  /s/ Michael Adams

8                                      Michael Adams
                                    Attorneys for Plaintiff

9                                      COLOR IMAGE APPAREL, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28